IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Tommy G. Capps,             ) | |
|                   ) | Civil Action No. 6:14-3868-DCN-KFM |
|          Plaintiff,    ) | |
|                   ) | **REPORT OF MAGISTRATE JUDGE** |
|    vs.             ) | |
|                   ) | |
| Lester Player,         ) | |
| Ronaldo Myers,        ) | |
| Kathy Harrell,         ) | |
| Michael Higgins, and    ) | |
| Alvin S. Glenn Detention Center,  ) | |
|                   ) | |
|          Defendants.  ) | |

The *pro se* plaintiff, who uses a "General Delivery" mailing address, apparently resides in Columbia, South Carolina. In the above-captioned case, the plaintiff has brought suit against the Alvin S. Glenn Detention Center and four employees or officials of the Alvin S. Glenn Detention Center. Under Local Civ. Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the undersigned United States Magistrate Judge.

The "STATEMENT OF CLAIM" portion of the Section 1983 complaint contains only one phrase: "Consensual Commercial Lien" (doc. 1 at 3). In his prayer for relief, the plaintiff writes: "<u>Lien</u>" (*id*. at 5). Appended to the complaint is a document styled as a Consensual Commercial Lien and Affidavit of Obligation listing the named defendants as debtors (doc. 1-1 at 1). In the caption of the lien, the plaintiff indicates that the document is not a Lis Pendens Lien (*id*.). In the lien, the plaintiff alleges the following: (1) on July 14, 2013, defendant Lester Player took a blood sample from the plaintiff at the Alvin S. Glenn Detention Center (*id*. at 6–7); (2) the plaintiff had been kidnapped and taken to the Alvin S. Glenn Detention Center (*id*. at 7); (3) the plaintiff seeks maintenance and cure (*id*. at 8);

(4) the plaintiff is entitled to use a trust (*id*. at 9); (5) Federal Reserve notes are not money, and people have been turned into collateral for the Federal Reserve Banks, which turn people into slaves (*id*. at 10–12); (6) the plaintiff's privacy has been violated (*id*. at 13); (7) the lien debtors violated the Geneva Conventions Act, RICO, the Magna Carta, and the Hague Act Conventions of 1899–1907 (*id*. at 14–15); (8) this lien is not applied for "light or transient" reasons, for harassment, or for slowing court processes (*id*. at 15); (9) the lien debtors are joint and severally liable in the amount of one hundred and forty-four million dollars (*id*.), and (10) the plaintiff has validly filed this lien (*id*. at 16–17).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint and attachment pursuant to the procedural provisions of 28 U.S.C. § 1915. The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007) (*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The plaintiff is complaining about the taking of a blood sample upon his booking into the Alvin S. Glenn Detention Center on July 14, 2013. South Carolina law requires the collection of DNA evidence samples for persons arrested for a felony (or certain other crimes) and taken to a detention center. *See* S.C. Code Ann. § 23-3-610 (state DNA database); § 23-3-620(A) (person arrested for felony must provide a DNA sample); § 23-3-620(B) (prisoner may not be released until he or she provides a DNA sample); § 23-3-640 (2007) (requiring all DNA samples taken pursuant to the Act be submitted to SLED for testing and secure storage); and § 23-3-650(A) (allowing SLED to make samples

2

available to local law enforcement and solicitor's offices "in furtherance of an official investigation of a criminal offense").

The taking of the blood for a DNA sample took place more than four years after the enactment of the 2008 revision to S.C. Code § 23-3-620 (effective Jan. 1, 2009). *See Cannon v. South Carolina Dep't of Prob., Parole and Pardon Servs.*, 641 S.E.2d 429, 430–31 (S.C. 2007) (parolee released on parole prior to effect date of DNA Identification Record Database Act was not required to submit DNA sample as condition of parole); and *State v. Loftin*, No. 2010-358, 2010 WL10080096, at *2 n. 4 (S.C. Ct. App. July 12, 2010) (DNA samples cannot be required for persons who completed their sentences or whose probations expired prior to enactment of DNA statutes), both of which concerned the prior version of S.C. Code Ann. § 23-3-620 (2007). The 2008 revision to the statute provides for the collection of DNA samples *before* conviction of a crime. *See* S.C. Code Ann. § 23-3-620 (Westlaw 2014). Moreover, this court has upheld the collection of DNA samples by South Carolina from pretrial detainees. *See, e.g.*, *Grant v. Crenshaw*, Civil Action No. 9:08-2696-GRA, 2009 WL 2885932, at *4 (D.S.C. Sept. 4, 2009) ("It was not a violation of his due process rights for Plaintiff to be ordered to provide a DNA sample."); and *Collins v. Hodges*, Civil Action No. 2:01-2343-RBH, 2007 WL 3145492, at *5 (D.S.C. Oct. 24, 2007) ("[I]t is well settled that taking a blood sample for purposes of criminal investigation, when done properly, does not offend the due process clause."); *see also Schmerber v. California*, 384 U.S. 757, 759–60 (1966) (collection of blood sample in DUI investigation did not violate Fourth Amendment).

The plaintiff is attempting to file fraudulent liens against the defendants. *See Audio Invs. v. Robertson*, 203 F. Supp. 2d 555, 569 n.4 (D.S.C. 2002) (noting attempted use of liens by tax protesters and militia-type groups), *aff'd*, 67 F. App'x 795 (4th Cir. June 17, 2003); *see also Wohlstrom v. Wilmore*, Civil Action No. 0:12-2338-MBS-PJG, 2012 WL 5355966 (D.S.C. Sept. 26, 2012) (recommending summary dismissal of "land patent" case filed by sovereign citizen), *adopted by* 2012 WL 5354996 (D.S.C. Oct. 30, 2012).

3

The Alvin S. Glenn Detention Center is not a "person" subject to suit under Section 1983. *See Jones v. Lexington Cnty. Det. Ctr.*, 586 F. Supp. 2d 444, 451 (D.S.C. 2008) (collecting cases). Hence, the Alvin S. Glenn Detention Center is subject to summary dismissal as a party defendant.

As earlier stated, the plaintiff seeks maintenance and cure (doc. 1 at 8). The plaintiff is not entitled to maintenance and cure because the taking of a DNA sample at the Alvin S. Glenn Detention Center is not within this court's admiralty jurisdiction. *Aggarao v. MOL Ship Mgmt. Co., Ltd.*, 675 F.3d 355, 377–78 & n. 22 (4th Cir. 2012) (outlining purposes of maintenance and cure).

Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process. The plaintiff's attention is directed to the Notice on the next page.


October 8, 2014                                    s/ Kevin F. McDonald
Greenville, South Carolina                         United States Magistrate Judge

4

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).